IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODALIS HERNANDEZ DE ALFARO and JUANA MOLINA, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-22-2619 |
| v. | § § | |
| PANTHER II TRANSPORTATION, INC. et al., | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This case arises from an automobile accident. The defendants—a commercial truck driver and the logistics company he drove for—have moved for partial summary judgment. The motion is granted in part and denied in part.

**I.   Background**

Panther II Transportation, Inc. hired Brian Keith Moorer as a commercial truck driver in early 2022. (Docket Entry No. 46; Docket Entry No. 45 at 82). Before allowing him to drive, Panther ran a background check on Moorer. (Docket Entry No. 46). The background check revealed that Moorer had been discharged from a truck driver position for two accidents in August 2020. (*Id.* at 5–6). The accidents damaged other vehicles in parking lots, but did not involve moving violations or injuries to people. (*Id.*). The background check also revealed that Moorer had been terminated from another truck driver position after an unsatisfactory probationary period. (*Id.* at 8).

Panther required Moorer to complete several online training modules before allowing him to drive. (Docket Entry No. 45-1 at 62). The training modules were on "driver wellness,"

"whistleblower protection," "driver qualifications," "hazmat communication rules," "hazmat loading and placarding," "hazmat driving and parking rules," and "hazmat security and awareness." (*Id.* at 87). Panther did not require Moorer to complete training modules in driving safety. (*Id.* at 62). Instead, Panther's practice was to assume that an applicant with a commercial driver's license was qualified to operate a commercial vehicle without further safety training. (*Id.*). On February 8, 2022, after Moorer completed the required training modules, Panther deemed him qualified to begin driving. (*Id.* at 61–62).

On February 23, 2022, Moorer struck another vehicle while backing his commercial truck into a parking space. (*Id.*). Panther made Moorer complete an online training module on driving safety in parking lots. (*Id.* at 61–62, 87). It took Moorer 18 minutes to complete the module. (*Id.* at 87).

On March 3, 2022, Moorer was driving his commercial truck for Panther when he collided with a truck driven by Odalis Hernandez De Alfaro. (*Id.* at 39). Juana Molina Mejia was in the passenger seat of De Alfaro's truck. Moorer was trying to change lanes on a major freeway near Houston, Texas, but he misjudged the distance between his truck and the plaintiffs' truck, striking the left rear bumper of the plaintiffs' truck. (*Id.* at 39–43).

In August 2022, the plaintiffs sued Panther, Panther Premium Logistics, Inc., and Moorer in Texas state court, asserting causes of action for negligence; gross negligence; negligent hiring; negligent training; negligent supervision, retention, and monitoring; and negligent entrustment. (Docket Entry No. 1-3). The defendants timely removed on the basis of diversity jurisdiction. (Docket Entry No. 1).

In October 2023, the defendants moved for partial summary judgment. (Docket Entry No. 29). The parties agreed to extend the plaintiffs' deadline to respond to the motion for partial

summary judgment until "Defendant Brian Keith Moorer has been deposed, a suitable protective order has been entered, and his driver qualification files have been produced." (Docket Entry No. 31).

In late April and early May 2024, the defendants moved to strike or exclude expert opinions supporting Mejia's damages claim. (Docket Entry Nos. 37, 39). The court granted the motions in part, excluding expert opinions about Mejia's damages for loss of household services, future medical needs, and a present-value assessment of future medical needs. (Docket Entry No. 47).

The plaintiffs filed their response to the motion for partial summary judgment on May 27, 2024. (Docket Entry No. 45). The motion is ripe for consideration. Based on the record, the motion, the response, and the applicable law, the motion for partial summary judgment is granted in part and denied in part. (Docket Entry No. 29). The reasons are set out below.

## II.     The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

3

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). Of course, all reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

### III.     Analysis

#### A.     Negligent Hiring, Retention, Supervision, and Training

Texas law imposes a "general duty on an employer to adequately hire, train and supervise its employees." *Houser v. Smith*, 968 S.W.2d 542, 544 (Tex. App.—Austin 1998, no writ). To

establish a claim for negligent hiring, training, and supervision, a plaintiff must show: (1) a duty to hire, supervise, and retain competent employees; (2) an employer's breach of that duty; and (3) that the breach proximately caused the plaintiff's damages. *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App.—Amarillo 2010, pet. denied).

"Texas law allows recovery for negligent hiring, training and supervision where an employer knew or should have known through the exercise of reasonable care that an employee was incompetent or unfit and that his hiring or retention would thereby create an unreasonable risk of harm to others." *Hanan v. Crete Carrier Corp.*, No. 3:19-CV-0149-B, 2020 WL 42269, at *5 (N.D. Tex. Jan. 3, 2010) (quoting *Verhelst v. Michael D's Rest. San Antonio, Inc.*, 154 F. Supp. 2d 959, 968 (W.D. Tex. 2001)).

The plaintiffs have submitted evidence raising a genuine factual dispute material to determining whether Panther was negligent in hiring Moorer and in failing to adequately train him in driving safety, given his record of two previous trucking accidents within a twelve-day period. Moorer's two previous employers had fired him and deemed him ineligible for rehire. In light of Moorer's history, a jury could reasonably find that Panther should have known that hiring Moorer to drive a commercial truck, without providing additional safety training, would create an unreasonable risk of harm to others. *See Hanan*, 2020 WL 42269, at *5. A reasonable jury could find that Panther failed to act as a reasonably prudent employer in hiring Moorer, or in failing to train him in driving safety, despite his history. A reasonable jury could also find that, had Panther either not hired Moorer or trained Moorer in driving safety, he would not have collided with the

plaintiffs' vehicle and caused the plaintiffs' injuries. *See Dangerfield v. Ormsby*, 264 S.W.3d 904, 912–13 (Tex. App.—Fort Worth 2008, no pet.).

Summary judgment is denied as to the plaintiffs' claims for negligent hiring, retention, supervision, and training.

### B. Negligent Entrustment

To prevail on their negligent entrustment claim, the plaintiffs must show that Panther: (1) entrusted a vehicle; (2) to an unlicensed, incompetent, or reckless driver, (3) whom Panther knew or should have known was unlicensed, incompetent, or reckless, and (4) the driver's negligence (5) proximately caused the accident. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W. 3d. 754, 758 (Tex. 2007). Incompetence or recklessness may be established through "the employee's driving record and habits, as well as his condition, situation, or state at the time he is loaned the vehicle." *Oney v. Crist*, 517 S.W.3d 882, 890 (Tex. App.—Tyler 2017), *review granted, judgment vacated, and remanded by agreement* (Apr. 27, 2018) (citing *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. App. 1970)).

Moorer was licensed, making that factor inapplicable in the analysis. But the information revealed by Panther's background check on Moorer and by Moorer's February 2022 accident, creates a factual dispute material to determining whether Moorer was an incompetent or reckless driver, and whether Panther knew or should have known that he was incompetent or reckless. Summary judgment is denied as to the negligent entrustment claim.

### C. Gross Negligence

Exemplary damages are available if a plaintiff proves, "by clear and convincing evidence," that her injuries resulted from the defendant's gross negligence. TEX. CIV. PRAC. & REM. CODE §

6

41.003(a). Gross negligence has objective and subjective components, and means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* § 41.001(11).

The objective component will not be satisfied by either a remote possibility of serious injury or a high probability of minor harm. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). "[A]n extreme degree of risk is a threshold significantly higher than the objective reasonable person test for negligence." *Medina v. Zuniga*, 593 S.W.3d 238, 249 (Tex. 2019). "An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent." *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994)). Rather, there must be "such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected." *Moriel*, 879 S.W.2d at 21. The subjective component requires proof that the defendant knew about the extreme degree of risk but demonstrated through acts or omissions that he did not care. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

A corporation cannot be held liable for gross negligence unless the corporation itself (1) authorized or ratified an agent's gross negligence, (2) commits gross negligence, (3) was grossly negligent in hiring an unfit agent, or (4) committed gross negligence through the actions or

inactions of a vice-principal. *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656–57 (S.D. Tex. 2016).

The plaintiffs have failed to produce evidence raising a genuine factual dispute material to determining whether either Moorer or Panther were grossly negligent. The evidence does not support a finding that Moorer was grossly negligent in causing the accident. The plaintiffs note that Moorer was driving above the speed limit around the time of the accident, but the speed logs show that he was driving only between two and five miles per hour over the speed limit minutes before the accident, and under the speed limit in the seconds before the accident. (Docket Entry No. 45-1 at 11). A driver is not grossly negligent merely because he fails to obey traffic laws or drives slightly over the speed limit. *See Phillips*, 189 F. Supp. at 656. Moorer's miscalculation in changing lanes does not amount to gross negligence. There is no evidence that Moorer was subjectively aware of any extreme degree of risk in the moments before the accident, or that he engaged in any "extreme" conduct "involving multiple conscious acts or omissions." *Id.*

There is also no evidence to support finding that Panther was grossly negligent. The plaintiffs rely on evidence that Moorer had violated federal regulations about hours of service and log-keeping. (Docket Entry No. 45 at 20). But there is no evidence connecting these alleged violations to the plaintiffs' injuries. The evidence that Panther allowed Moorer to drive despite the prior accidents revealed in his background check, and his February 2022 accident, also does not rise to the level of gross negligence. Moorer's past accidents were relatively minor. They involved only property damage, and they all occurred in parking lots. Moorer's driving history

was far from the kind of "egregious driving record[]" that supports a finding of gross negligence in hiring. *See Phillips*, 189 F. Supp. at 658 (collecting cases).

Summary judgment is granted as to the plaintiffs' claims for gross negligence.

## IV.   Conclusion

The motion for partial summary judgment is granted in part and denied in part. (Docket Entry No. 29). It is granted as to the plaintiffs' gross negligence claims. It is denied as to the other claims.

SIGNED on May 29, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge